LEVI NELLIS, Respondent, v. DAVID BELLINGER, Survivor, etc., Appellant.

*Mechanic's lien — chap. 489 of 1873 — consent of owner of land to erection of building.*

Chapter 489 of 1873 gives a lien to persons furnishing materials used in the erection of a building, whenever the owner of the land consents to the erection of the building upon it; and such consent may be proved by acts and declarations, as well as by direct evidence. It is not necessary that the acts of the lienor should have been in any way induced by the consent of the owner of the land.

Appeal from a judgment of the County Court of Herkimer county in favor of the plaintiff, entered upon the trial of the action by the court without a jury.

The action was brought to foreclose a mechanic's lien, filed under chapter 489 of 1873.

*Earl, Smith & Brown,* for the appellant.

*J. A. & A. B. Steele,* for the respondent.

Gilbert, J.:

The County Court found as facts, that the defendant was, and for twenty years or more had been, the owner in fee, of the parcel of land specified in the notice of lien; that his son Adam caused to be erected on said land a new dwelling-house for his own use; that the plaintiff, who is a carpenter and joiner, performed work and labor in the construction of said house, at the request of Adam, to the amount and value of $116.87; that the defendant knew that

Adam was erecting the house for his own use, and of said employment of the plaintiff; that he was present on several occasions while the work was in progress, and rendered some assistance in the erection of the house; that he resided in the neighborhood, and made no objection to the work being done, nor to his son's constructing the house, and thereby consented to the performance of said work. The particular facts from which the court drew the inference that the defendant consented to the erection of the house, we think are sufficient for that purpose, and the evidence shows that the defendant was willing to have the house built upon his land, and encouraged the building of it. Such evidence clearly manifests the consent which the statute requires. And it does not detract from the legal effect of such consent, that the defendant gave it under an impression that it devolved no liability on him. His mistake of the law cannot affect the rights of the plaintiff. The amendment of the statute passed in 1873 (Laws 1873, chap. 489) was designed to meet the objection, that there could be no lien as against the owner, when the labor or materials had been furnished under a contract with a person whose interest arose upon an agreement, whereby the owner agreed to sell the land to such person, and to make advances toward the erection of a building thereon. In such cases the rights of the lienor were always subordinate to the interests of the legal owner, for the lien affected only the equitable title of the vendee. (*Loonie* v. *Hogan*, 5 Seld., 435 ; *Metcalf* v. *Hunnewell*, 1 Gray, 297 ; *Johnson* v. *Pike*, 35 Me., 291 ; *Gray* v. *Carleton*, id., 481 ; *Stienwitz* v. *Randmott*, 3 S. & R., 541.) The statute now gives a lien, as well when the owner of land consents to the erection of a structure upon it, as when he contracts directly for its construction. And such consent of the owner may be proved by the fact that he entered into such contract, or by other acts and declarations, as well as by direct evidence. (Gr. Ev., § 197 ; see, also, *Hart* v. *Wheeler*, 1 N. Y. S. C. [T. & C.], 403 ; *Riley* v. *Watson*, 6 id., 310 ; *Gates* v. *Whitcomb*, 6 id., 341.) The legislature, by the amendment cited, clearly intended to enforce the equitable principle, that one who knowingly takes the benefit of the property or labor of another, in the form of improvements made upon his land, ought to have the land subjected to a lien for the value thereof.

It is urged that the consent required by the statute must have entered into the consideration, or in some way induced the acts, of the lienor. The answer is, that the statute contains no qualification of that kind, and we have no power to interpolate one into it. Cases may arise where the lien accrued under a contract with a tenant for life, or for years, and it may be sought to subject the interest of a reversioner to the lien on the ground that he consented to the lienor's acts. That, however, is not this case, and it will be time enough to lay down a rule of law for such a case when it arises.

We think the judgment should be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.